## Ritter *versus* Brendlinger.

1. A judgment entered upon a bond not stamped is not void, and if erroneous, can be reached only by the defendant not by a creditor.

2. An assignee for the benefit of creditors takes the debtor's estate as a volunteer, his title must give way to a judgment, and unless by charging fraud, he cannot intervene to stay rightful proceedings on the judgment.

January 21st 1868. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. STRONG, J., at Nisi Prius.

[Ritter v. Brendlinger.]

Appeal from the decree of the Court of Common Pleas of *Montgomery county :* In equity : No. 108, to January Term 1868.

In the court below this was a bill filed August 19th 1867 by Daniel K. Ritter in his own right and as assignee of Willoughby S. Sassaman and wife for the benefit of creditors, against Soloman Brendlinger, Willoughby S. Sassaman and Daniel Bechtel.

The bill alleged that Sassaman and wife, on the 5th day of March 1867, made an assignment for the benefit of creditors to the plaintiff, which he accepted and is fulfilling with all legal speed; the assigned property consisted of personal property since sold for $4300, and a tract of land which has been sold at public sale for $8783, to be paid on the 1st day of April 1868, which sale is the best that could be made. The liens are a mortgage of $6000 ; a judgment of $960 to Brendlinger, one of the defendants ; a judgment of $4600 to Ritter himself, and about $3750 of debts not of record ; that Brendlinger threatens to issue execution on his judgment, and the assignee has been notified by Bechtel, a creditor, and Sassaman, not to pay Brendlinger's judgment, alleging that it is void; the assignee is informed and believes that the judgment was not stamped by Sassaman, nor stamped at all as a judgment; that he has a defence on the merits, and the debt secured by the judgment is not due. The prayer was that Brendlinger be restrained from collecting his judgment until April 1st 1866, &c., and for general relief to Ritter as assignee and as a judgment-creditor.

Brendlinger answered that the note was lawfully stamped, and the debt just. Sassaman answered that the allegations in the bill were true ; that the stamps were not put on by him, but were either taken from an old note or his initials forged.

The court (Chapman, P. J.) dismissed the bill. Ritter appealed to the Supreme Court, assigning for error the dismissal of the bill.

*G. N. Corson,* for appellant, referred to Wesley Church *v.* Moore, 10 Barr 273 ; Cochran *v.* Eldridge, 13 Wright 370 ; 1 Story's Eq. Jur. §§ 874, 875 ; Larkin's Appeal, 2 Wright 458 ; Coleman *v.* Ross, 10 Id. 180.

*C. Hunsicker,* for appellee, referred to Paul *v.* Carver, 12 Harris 207 ; Doolittle *v.* Barnitz, 1 Phila. 574 ; Hagner *v.* Heyberger, 7 W. & S. 104 ; 1 Story's Eq. Jur. 875.

The opinion of the court was delivered, January 28th 1868, by AGNEW, J.—This is rather a novel proceeding. One who is a subsequent judgment-creditor, and an assignee in trust for creditors of the defendant in this judgment, seeks to restrain a prior judgment-creditor of the same defendant from using his execution to collect his debt. The only ground alleged is that the prior judgment-creditor used the cancelled stamps of a former note to

[Ritter *v.* Brendlinger.]

place upon the single bill upon which his judgment was afterwards entered. It is difficult to know what head of equity this belongs to. There is no allegation that the note is a fraud, or that the debt represented by it is not justly due, except the averment in the bill that the defendant in the judgment says he has a defence to the note on the merits. It is not alleged that there is any fraudulent collusion between the plaintiff and the defendant in the judgment to hinder or delay his creditors. The real case, as it appears in the bill and answer, is an attempt of one creditor to stay the execution of another on the ground that the single bill was not duly stamped. It is not easy to see what he has to do with that. The judgment is not void which was finally entered upon the bills. The judgment is the act of the court, and if erroneous, the error can be reached only by the party defendant. No stranger can contest it, and especially in this collateral way. If the defendant has not moved to set aside the judgment, certainly the plaintiff in this bill cannot complain for him or for the government. The plaintiff having a judgment unimpeached for fraud upon the rights of creditors standing upon the record unreversed and in full force, no other judgment-creditor can intervene for the government or for the defendant. As a purchaser the plaintiff in the bill has no better right. He took subject to the lien of the judgment and as a mere volunteer for the use of creditors, and his title must give way to the judgment. If he has made a good sale, and wishes to preserve it, all he has to do is to pay off the judgment and thus rid himself of its encumbrance. But without any charge of fraud in the contracting of the debt, he cannot stay rightful proceedings upon the judgment.

Decree affirmed with costs.